COMMONWEALTH *vs.* SAMUEL F. DAVIS.

A complaint on *St.* 1855, *c.* 215, § 15, for unlawfully selling intoxicating liquors to one who upon being arrested when intoxicated, has disclosed the defendant, is not invalidated by omitting to name such purchaser as a witness, as directed by § 23.

COMPLAINT alleging that the defendant at New Bedford on the 26th of April 1858, "without any legal authority therefor, did sell to one Martha A. Wilson spirituous and intoxicating liquors."

At the trial in the court of common pleas in Bristol, before *Sanger*, J., Martha A. Wilson testified that she purchased rum of the defendant and paid for it, and was arrested and taken before the police court of New Bedford upon a complaint for drunkenness, and, when arraigned, disclosed where she purchased the liquor and was discharged, and the officer then made this complaint against the defendant.

The defendant moved the court to quash the complaint, because it appeared that it was made upon the evidence of a disclosing witness under the *St.* of 1855, *c.* 215, § 23, and therefore could not be maintained for want of an allegation that Wilson was "one of the witnesses in the said complaint." But the judge declined so to do. The defendant, being convicted, alleged exceptions.

*E. L. Barney*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

BIGELOW, J. A motion to quash is addressed to the discretion of the court and no exception lies to the mode of its exercise. *Commonwealth* v. *Eastman*, 1 Cush. 189. But, aside from this, the complaint was in due form, and charged the defendant, in apt and technical language, with an offence under *St.* 1855, *c.* 215, § 15.

The provision in § 23, which requires, where a complaint is made by an officer upon the disclosure of a person arrested in a state of intoxication, that the person so arrested "shall be named as one of the witnesses in the said complaint," is directory only, and is designed to guide officers and magistrates in the perform-

ance of the duties imposed on them under that section of the stat-
ute. But it is not intended to change the form of complaints or
indictments, or to require any new or special allegations against
the person charged with the offence of selling liquor contrary to
law. The offence would be the same, whether the liquor was
sold to a person who drank it till he was intoxicated, or to one
who used it in moderation, and it may in either case be set out
in the same terms.                                 *Exceptions overruled.*